IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMCO INSURANCE COMPANY, )<br> )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>KELLI MASIAKIEWICZ, )<br>    Serve: 4124 Shepherds Hill Cir. )<br>           Saint Charles, MO 63304 )<br> )<br>    Defendant. ) | Case No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff, AMCO Insurance Company ("AMCO"), by and through the undersigned counsel, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment, hereby states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.  AMCO is a foreign insurance company organized and existing under the laws of the State of Iowa, with its principal place of business in the State of Iowa, and it is therefore a corporate citizen of the State of Iowa, and at all times relevant herein AMCO was authorized to do business in the State of Missouri.

2.  Defendant Kelli Masiakiewicz was at all times relevant herein a resident and citizen of the State of Missouri. Defendant may be served at her residence at 4124 Shepherds Hill Cir., Saint Charles, MO 63304.

3.  Jurisdiction is proper with this Court pursuant to U.S.C. §§ 2201-2202 because AMCO seeks a determination of its rights and obligations under a policy of insurance under which Defendant has claimed underinsured motorist ("UIM") coverage. Jurisdiction is proper with this

Court pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, as Defendant has claimed entitlement to the $100,000.00 UIM coverage limit of Defendant's policy with AMCO.

4. Venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this cause of action occurred within this judicial district, and because Defendant resides in this judicial district. Divisional venue is proper in the Eastern Division of this Court pursuant to Local Rule 2.07 because a substantial part of the events giving rise to this cause of action occurred within Saint Charles County, Missouri, and because Defendant resides in Saint Charles, Missouri.

## GENERAL ALLEGATIONS

5. AMCO brings this action seeking the interpretation of a policy of insurance issued in Missouri to Defendant and a declaration of its right and obligations to Defendant thereunder.

6. AMCO issued to Defendant as named insured a policy of insurance, Policy No. PPAM0050159063-0, with effective dates of January 15, 2015 to January 15, 2016 (the "Policy"). A copy of the Policy is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

7. Subject to certain provisions, conditions, definitions, limitations, and exclusions, the Policy provides UIM coverage to Defendant as a named insured under the Policy, with a limit of coverage of $100,000.00 each person and $300,000.00 each accident.

8. The Policy contains the following relevant provisions:

\*\*\*

**UNDERINSURED MOTORISTS COVERAGE – MISSOURI**
…

**UNDERINSURED MOTORISTS COVERAGE**
**INSURING AGREEMENT**

A. We will pay compensatory damages which an "insured" is legally obligated to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury":

 1. Sustained by an "insured"; and
 2. Caused by an accident.

The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the "underinsured motor vehicle".

…

C. "Underinsured motor vehicle" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury liability is less than the limit of liability for this coverage.

\*\*\*

9. This case arises out of a claim made by Defendant for UIM coverage under the Policy as a result of injuries Defendant allegedly sustained in a motor vehicle accident occurring on or about May 29, 2015 in Saint Charles County, Missouri.

10. Defendant alleges that the other driver involved in the accident, Austin Latham, is at fault for the accident.

11. The limits for bodily injury liability of Mr. Latham's automobile liability insurance policy are $100,000.00 per person, and $300,000.00 per accident.

12. Mr. Latham's automobile liability insurer has agreed to pay Defendant the $100,000.00 limit of Mr. Latham's automobile liability insurance policy.

13. Defendant alleges that her damages exceed $200,000.00, such that she would be entitled to UIM coverage under the Policy.

14. The Policy's limit of liability for UIM coverage is $100,000.00.

15. The limit of liability for bodily injury of Mr. Latham's automobile liability insurance policy is not less than the Policy's limit of liability for UIM coverage.

16. AMCO seeks a judicial declaration and determination that it owes no UIM coverage to Defendant because Defendants alleged injuries and damages were not caused by the owner or operator of, and did not arise out of the ownership, maintenance or use of, an "underinsured motor vehicle."

## GROUNDS FOR DECLARATORY RELIEF

17. An actual case or controversy of a justiciable nature exists between AMCO and Defendant concerning the rights and obligations of each party under the Policy, and litigation as to this controversy is inevitable and imminent.

18. The resolution of the matters raised in this Complaint for Declaratory Judgment will dispose of all issues and disputes between the parties.

19. All necessary and proper parties are before the Court with respect to the matters in controversy.

20. AMCO has no adequate remedy at law.

21. Pursuant to the Policy's terms, the Policy provides UIM coverage for compensatory damages which an "insured" is legally obligated to recover from the owner or operator of an "underinsured motor vehicle" because of "bodily injury."

22. The Policy defines an "underinsured motor vehicle" as "a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident ***but its limit for bodily injury liability is less than the limit of liability for this coverage***." (Emphasis added).

23. The limit for bodily injury liability of the policy covering Mr. Latham's vehicle is $100,000.00, which is not less than the $100,000.00 limit of liability for UIM coverage under the Policy.

24. Accordingly, the driver that Defendant alleges is at fault for the accident was not driving an "underinsured motor vehicle," as that term is defined in the Policy.

25. In the absence of an "underinsured motor vehicle," Defendant is not entitled to UIM coverage under the Policy.

26. By reason of the foregoing, a declaratory judgment is both necessary and proper in order to set forth and determine the rights, obligations, and liabilities that exist between AMCO and Defendant under the Policy.

**WHEREFORE**, Plaintiff AMCO Insurance Company respectfully requests this Court to declare the rights and obligations of the parties under the Policy issued to Defendant Kelli Masiakiewicz, and to enter judgment in favor of AMCO, adjudging and declaring:

A. That Defendant is not entitled to UIM coverage under the Policy because Mr. Latham's vehicle does not qualify as an "underinsured motor vehicle," because the limit of liability for bodily injury liability coverage applicable to Mr. Latham's vehicle is not less than the Policy's limit of liability for UIM coverage; and

B. That AMCO is entitled to such other and further relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Russell F. Watters
Russell F. Watters, #25758MO
Joseph P. Krispin, #69181MO
BROWN AND JAMES, P.C.
800 Market Street, Suite 1100
Saint Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 (fax)
rwatters@bjpc.com
jkrispin@bjpc.com
*Attorneys for Plaintiff AMCO*